IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARJORIE L. HAYTHORN and
THOMAS HAYTHORN, her husband,

    Plaintiffs,

v.                                    Civil Action No. 5:06CV67
                                                (STAMP)

ERIE INSURANCE PROPERTY
& CASUALTY COMPANY,
a foreign corporation,
PATRICK SAFSTROM and
THOMAS E. WEYRAUCH,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

I.   Procedural History

On July 6, 2005, the plaintiffs filed a complaint in the above-styled civil action in the Circuit Court of Marshall County, West Virginia against the defendants, Erie Insurance Property & Casualty Company ("Erie Insurance"), Patrick Safstrom ("Safstrom") and Thomas E. Weyrauch ("Weyrauch"), alleging violations of the West Virginia Unfair Claims Settlement Practices Act, West Virginia Code § 33-11-4. On October 26, 2005, Safstrom filed a motion for summary judgment, to which Judge John T. Madden of the Circuit Court of Marshall County denied on December 27, 2005.

Erie Insurance and Weyrauch (collectively "defendants")[1] removed this civil action on June 2, 2006 to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. §§ 1441 and 1332.

On June 9, 2006, the plaintiffs filed a motion to remand this civil action, to which the defendants responded and the plaintiffs replied.

This Court has now reviewed the motions and the memoranda in support of and in opposition thereto. For the reasons set forth below, this Court finds that the plaintiffs' motion to remand must be granted.

## II. Applicable Law

District courts have original jurisdiction in all civil actions when a matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Any civil action brought in the state court over which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where the action is

---

[1] This Court notes that all pleadings in this case have been filed by Erie Insurance and Weyrauch and both parties refer to these defendants as the "defendants." This Court notes that Safstrom is also a defendant and this Court's use of defendants for Erie Insurance and Weyrauch is no indication of its opinion regarding Erie Insurance, Weyrauch and Safstrom's claim that Safstrom was fraudulently joined in the above-styled civil action.

pending. 28 U.S.C. § 1441. Removal of the case is, however, subject to certain restrictions. Title 28, United States Code, Section 1441(b) provides that a non-federal question case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

It should also be noted that "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Thus, in diversity cases, the burden of negating the possibility that diversity of citizenship does not exist lies with the party seeking to invoke removal jurisdiction. See McGovern v. American Airlines, 511 F.3d 653, 654 (5th Cir. 1975). If a party challenges the allegation of jurisdictional facts, the party invoking diversity jurisdiction has the burden of supporting its allegations with competent proof. Thomson v. Gaskill, 315 U.S. 442 (1942). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. See Mulcahey, 29 F.3d at 151.

Further, the timeliness of the notice of removal is governed by 28 U.S.C. § 1446(b), which creates a 30-day limitation period for removing cases. The right to remove arises when a defendant is first put on notice that all of the prerequisites for invoking federal jurisdiction have been met. A failure to timely file a

notice of removal constitutes a defect in removal procedure. <u>Cades v. H & R Block, Inc.</u>, 43 F.3d 869, 873 (4th Cir. 1994). A defect in removal procedure renders a case improperly removed. <u>Huffman v. Saul Holdings Ltd. P'ship</u>, 194 F.3d 1072, 1076 (10th Cir. 1999).

### III. <u>Discussion</u>

In their motion to remand, the plaintiffs argue that this civil action should be remanded because: (1) the notice of removal was not filed within thirty days after it was first ascertained that this action was one that was or had become removable pursuant to 28 1445(b); and (2) the parties lack diversity jurisdiction. In response, the defendants assert that their removal was timely and that diversity exists among the parties because Safstrom was fraudulently joined.

A.  <u>Timeliness of the Notice of Removal</u>

Title 28, United States Code, Section 1446(b) states that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed <u>within thirty days after receipt</u> by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order <u>or other paper from which it may first be ascertained that the case is one which is or has become removable</u>, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

<u>Id.</u> (emphasis added).

The defendants are under a duty to ascertain the existence of federal jurisdiction and pursue "clues" contained in the plaintiffs' complaint. <u>Kaneshiro v. North American Co. for Life</u>

4

and Health Ins., 496 F. Supp. 452, 460 (D. Haw. 1980). The Seventh Circuit held in Poulous v. Maas Foods, Inc., 959 F.2d 69, 73 n.4 (7th Cir. 1992), that the failure to remove an action within thirty days after receiving the state court complaint from which the defendant could have discerned fraudulent joinder of a non-diverse party rendered removal untimely. See Jernigan v. Ashland Oil, 989 F.2d 812, 817 (5th Cir. 1993)(holding that thirty-day removal period commenced when the diverse defendant discovered that a non-diverse defendant was fraudulently joined). Thus, a defendant has thirty days to remove an action after learning that a non-diverse defendant has been fraudulently joined.

On October 26, 2005, Safstrom filed a motion for summary judgment in state court asserting that he was fraudulently joined.[2] (Notice of Removal Ex. A.) Based on the filing of Safstrom's motion for summary judgment, the plaintiffs now assert that it was ascertainable at that time that the case was one that was removable pursuant to 28 U.S.C. § 1446(b). Accordingly, the plaintiffs argue that the defendants' notice of removal filed on June 2, 2006 is untimely. In response, the defendants assert that Safstrom had filed a motion for summary judgment in state court to determine

---

[2]The plaintiffs assert that Safstrom's motion for summary judgment was filed on October 24, 2005 and the defendants assert that the motion was filed on November 26, 2005. However, this Court finds, after a review of the state court docket, that Safstrom's motion for summary judgment was filed on October 26, 2005. (Notice of Removal Ex. A.)

whether the plaintiffs had a valid basis on which to maintain a prima facie case against him. Based on the pleadings, Judge Madden denied Safstrom's motion for summary judgment. However, the circuit court order stated that Safstrom's motion for summary judgment is denied, "at least until that defendant's deposition has been taken." (Notice of Removal Ex. C.) Based on Judge Madden's order, the defendants attempted to depose Safstrom. The defendants assert that they became aware of the impeding time limitations for removal, and thus removed this matter on June 2, 2006.

It must be noted that in their motion, the defendants do not specifically deny knowing that they were going to assert that Safstrom was an improperly joined party early in the lawsuit. Instead, they argue that they timely filed their notice of removal within the one-year time limitation for removal.

This Court finds that the defendants did not timely file their notice of removal within thirty days of first ascertaining facts that Safstrom had arguably been fraudulently joined.

This Court finds that Safstrom's motion for summary judgment clearly constitutes an "other paper" within the meaning of § 1446(b) that can start accrual of the thirty-day period for removal. The defendants admit in their response to the plaintiffs' motion to remand that their "ultimate intention [was] to remove this matter to federal court once Safstrom was dismissed from this case . . . ." (Defs.' Resp. Mot. to Remand at 2.) Thus, this

6

Court finds that by the time Safstrom filed his motion for summary judgment, the defendants were well aware of the factual and legal grounds for removing this case based on Safstrom's fraudulent joinder.

The defendants assert that they would have removed this matter to federal court once Safstrom was dismissed from this action. However, this Court notes that under § 1446(b), the notice of removal is required to be filed within thirty days of the date on which the defendants ascertained that they could assert that Safstrom was fraudulently joined. As stated above, this Court finds that the defendants were aware that they could argue that Safstrom was fraudulently joined by the time he filed his motion for summary judgment. Thus, it was unnecessary for the defendants to postpone the filing of the notice of removal when they had already ascertained facts that Safstrom was arguably fraudulently joined. Further, it should be noted that the defendants did file the notice of removal without Safstrom being dismissed from this civil action or his deposition being taken.

This Court finds that because the defendants were able to detect the possibility of fraudulent joinder without any additional information supplied by the plaintiffs, it is evident that removability was first ascertainable when Safstrom filed his motion for summary judgment. Consequently, the thirty-day removal period commenced at that time. Thus, this Court finds that the

defendants' delay after Safstrom filed his motion for summary judgment places the defendants' removal beyond the statutory time period. Accordingly, this Court must find that the defendants' notice of removal is untimely and must remand this action to the Circuit Court of Marshall County, West Virginia.

B.  <u>Fraudulent Joinder</u>

Based on this Court's finding that there is a defect in the removal procedure and the plaintiffs' motion to remand must be granted, this Court will not address the defendants' assertions that Safstrom was fraudulently joined as a defendant in this civil action.

## IV.  <u>Conclusion</u>

For the reasons stated above, the plaintiffs' motion to remand is hereby GRANTED. This civil action is hereby REMANDED to the Circuit Court of Marshall County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and the Clerk of the Circuit Court of Marshall County, West Virginia.

DATED:    September 11, 2006

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE